**YANNI LAW APC**
John C. Bohren (California State Bar No. 295292)
yanni@bohrenlaw.com
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803

**POULIN | WILLEY | ANASTOPOULO, LLC**
Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
*paul.doolittle@poulinwilley.com*
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BARBARA YIM, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SHENZHEN CHARMAST TECHNOLOGY CO., LTD.,**<br><br>**DEFENDANT** | **Case No. _____**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) UNJUST ENRICHMENT**<br>**(2) BREACH OF EXPRESS WARRANTY**<br>**(3) BREACH OF IMPLIED WARRANTY**<br>**(4) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br>**(5) FRAUDULENT CONCEALMENT**<br>**(6) STRICT LIABILITY- FAILURE TO WARN**<br>**(7) STRICT LIABILITY- DESIGN AND FORMULATION DEFECT**<br>**(8) NEGLIGENT FAILURE TO WARN**<br>**(9) NEGLIGENT DESIGN & FORMULATION DEFECT**<br>**(10) NEGLIGENCE** |

1

Plaintiff Barbara Yim ("Plaintiff") brings this Class Action Complaint against Defendant, Shenzhen Charmast Technology Co., LTD., ("Defendant") individually and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this class action lawsuit on behalf of herself, and all others similarly situated who purchased Charmast Power Banks, model W1056[1] (the "Product") because the lithium-ion battery in the power banks can overheat and ignite, posing fire and burn hazards to consumers.

2.    The product is formulated, designed, manufactured, advertised, sold, and distributed by Defendant or its agents to consumers, including Plaintiff, across the United States.

3.    The product is described as follows: Charmast Power Banks, model W1056 colors black, blue, green, mint, pink and white with the brand name "Charmast" printed on the front and "Model: W1056" printed on the back.[2]

---

[1] https://www.cpsc.gov/Recalls/2025/Charmast-Power-Banks-Recalled-Due-to-Fire-and-Burn-Hazards-Sold-by-Charmast-Exclusively-on-Amazon-com (last accessed on December 26, 2024)
[2] Id.

4.    Each of the products was manufactured by Defendant, distributed to other corporations and then sold to consumers across the United States. The Product was sold online at Amazon.com from December 2018 through September 2024.[3]

5.    Through marketing and sale, Defendant represented that the Product is safe and effective for its intended use as a portable charger power bank.

6.    Other manufacturers formulate, produce, and sell non defective portable chargers with formulations and production methods that do not cause the product to overheat and ignite, posing fire and burn hazards to consumers, which is evidence that this fire hazard risk inherent with Defendant's Product is demonstrably avoidable.

7.    Feasible alternative formulations, designs, and materials are currently available and were available to Defendant at the time the Product was formulated, designed, and manufactured.

8.    At the time of their purchases, Defendant didn't notify Plaintiff and similarly situated consumers, of the Product's fire risk through the product labels, instructions, other packaging, advertising, or in any other manner, in violation of the state and federal law.

_____

[3] Id.

3

9.    Plaintiff purchased the Product while lacking the knowledge that the Product could burn and harm those who use the product, thus causing serious harm to those who use such Products.

10.    Because Plaintiff and all consumers purchased the worthless and dangerous Product, which they purchased under the presumption that the Product was safe, they have suffered losses.

11.    As a result of the above losses, Plaintiff seeks damages and equitable remedies.

## **PARTIES**

12.    Plaintiff Barbara Yim is a resident and citizen of San Mateo, California and purchased the product through Amazon on or around November of 2022.

13.    Defendant Shenzhen Charmast Technology Co. Ltd. is a foreign corporation and its registered agent can be found in Colorado. Defendant manufactures and retails power banks and does business in every state.

14.    Upon information and belief, the planning and execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the Product, and the claims alleged herein was primarily carried out at Defendant's headquarters and facilities.

## **JURISDICTION AND VENUE**

15.    This Court has subject jurisdiction over this matter pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (1) there are 100 or more putative Class Member, (ii) the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Defendant are citizens of different states.

16.    This Court has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367.

17.    This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself to the laws, rights, and benefits of the State of California. Defendants engaged in activities including (i) directly and/or through its parent companies, affiliates and/or agents providing services throughout (ii) conducting substantial business in this forum; and/or (iii) engaging in other persistent courses of conduct and/or deriving substantial revenue from services provided in California and in this Judicial District.

18.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Classes' claims occurred in this District. The Defendant sells and distributes their Product throughout the United States and in this District.  Plaintiff also resides in this District and purchased Defendant's product while residing in this District.

## FACTUAL ALLEGATIONS

19.   Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set.

20.   Plaintiff Barbara Yim bought a Charmast Power Bank, model W1056 in November of 2022 for personal household use via Amazon.com.

21.   Defendant is a well-established corporation known for its production, distribution, and importation of power bank-related products, including the Product at hand.

### The Products

22.   The Product at hand is a power bank made for safe daily use.

23.   Unfortunately, the Product has a risk of the lithium-ion battery in the power bank overheating and igniting, posing fire and burn hazards to consumers.

24.    In more detail, these products are power banks, as seen below[4]:

---

[4] https://www.forbes.com/sites/maryroeloffs/2024/12/19/power-bank-chargers-sold-on-amazon-recalled-after-they-melted-caught-fire/  (last accessed on December 26, 2024)



**Defendant's Misrepresentations and Omissions are Actionable**

25.     Plaintiff bargained for a power bank that was safe to use. Defendant's Product was, and still is, unsafe due to the fire risk hazard because the defective lithium -ion battery that can be found in the Product.

26.     As a result of the fire risk hazard, Plaintiff, and all others similarly situated, were deprived the basis of their bargain given that Defendant sold them a product containing a defective battery.

7

27.     The dangerous fire risk hazard inherent to the Product renders them unmerchantable and unfit for their normal intended use as a safe to use Power Bank.

28.     The Product is not fit for its intended use by humans as they expose consumers to a fire hazard risk.

29.     Plaintiff seeks to recover damages because the Product is adulterated, defective, worthless, and unfit for safe human use due to the fire hazard contained within the Product.

30.     Defendant engaged in fraudulent, unfair, deceptive, misleading, and/or unlawful conduct stemming from its omissions surrounding the risk of fire hazard affecting the Product.

31.     Indeed, no reasonable consumer, including Plaintiff, would have purchased the Product had they known of the material omissions of material facts regarding the possibility of risk of fire hazard.

32.     Plaintiff intended to buy a power bank for normal household use but instead received a product with a defective lithium-ion battery that exposed them to a risk of fire hazard.

33.     Nowhere on the Product's packaging did Defendant disclose that the Product could present a risk of fire hazard to the user.

34.    If Plaintiff had been aware of the risk of fire hazard in the Product, they would not have purchased the Product or would have paid significantly less.

35.    As a result of Defendant's actions, Plaintiff has incurred damages.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff brings this case as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and or 23(c)(4), individually, and as the Class representatives on behalf of the following:

> **Nationwide Class:** All persons within the United States who purchased the recalled Charmast power banks, model W1056 colors black, blue, green, mint, pink and white from December 2018 through September 2024.

37.    The Nationwide Class shall collectively be referred to herein as the "Class" or "Class Members".

38.    Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

39.    Excluded from the Classes are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using

the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family.

40.    This action has been brought and may be maintained as a class action under Federal Rule of Civil Procedure 23.

41.    **Numerosity** – Federal Rule of Civil Procedure 23(a)(1). The Class numbers at least in the thousands of persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through a variety of means, including, but not limited to, direct mail, email, published notice, and website posting.

42.    **Existence and Predominance of Common Questions of Law and Fact** – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3). There are questions of fact and law common to the Classes that predominate over any question affecting only individual members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

a.  Whether Defendant negligently failed to exercise reasonable care in the formulation, design, manufacturing, promotion, marketing, advertising, packaging, labeling, distribution, and/or sale the Product;

b.  Whether Defendant sold the defective Product, that were unreasonably dangerous to consumers such as Plaintiff and members of the Class;

c.  Whether Defendant failed to adequately warn Plaintiff and the Class of the dangers with respect to the defective Product;

d.  Whether Defendant was negligent for failure to warn;

10

e. Whether Plaintiff and the Class suffered Damages as a result of the defective Product;

f. Whether Defendant was negligent for failure to test;

g. Whether Defendant's advertising, merchandising, and promotional materials directed to Plaintiff were deceptive regarding the risks posed by Defendant's Product;

h. Whether Defendant made representations regarding the safety of the Product;

i. Whether Defendant omitted material information regarding the safety of the Product;

j. Whether Defendant's Product was merchantable;

k. Whether Defendant violated the consumer protection statutes invoked herein;

l. Whether Defendant's conduct alleged herein was fraudulent; and

m. Whether Defendant was unjustly enriched by sales of the Products.

43.    The questions set forth above predominate over any questions affecting only individual persons concerning sales of Defendant's Products throughout the United States and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to the other available methods for the fair and efficient adjudication of Plaintiff's claims.

44.    **Typicality** – Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claims are typical of those of the Class in that the Class members uniformly purchased

Defendant's Product and were subjected to Defendant's uniform merchandising materials and representations at the time of purchase.

45.    **Superiority** – Federal Rule of Civil Procedure 23(b)(3). A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests. In addition, it would be impracticable and undesirable for each member of the Classes who suffered an economic loss to bring a separate action. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

46.    **Adequacy** – Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate representative of the Class because they are members of the Class, and their interests do not conflict with the interests of the Class that they seek to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and undersigned counsel.

47.    **Insufficiency of Separate Actions** – Federal Rule of Civil Procedure 23(b)(1). Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the

resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. The proposed Class thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1). Counsel is experienced in the litigation of civil matters, including the prosecution of consumer protection class action cases.

48.     **Declaratory and Injunctive Relief** – Federal Rule of Civil Procedure 23(b)(2). Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class Members as described below, with respect to the members of the Class as a whole. Plaintiff seeks to certify Class to enjoin Defendant from selling or otherwise distributing the Product as labeled until such time that Defendant can demonstrate to the Court's satisfaction that the Product confers the advertised benefits and are otherwise safe to use as intended

49.     Additionally, the Class may be certified under Rule 23(b)(1) and/or (b)(2) because:

    a. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

b.  The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c.  Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Classes as a whole.

## CAUSES OF ACTION

### COUNT I

**Unjust Enrichment**

50.  Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

51.  Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's defective and worthless Products. These monies were no gifts or donations but were given in exchange for the Products.

52.  Defendant voluntarily accepted and retained these benefits.

53.  Because this benefit was obtained unlawfully, namely by selling and accepting compensation for a Product unfit for human use, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

54.  Defendant received benefits in the form of revenues from purchases of the Product to the detriment of Plaintiff, and the other members of the Classes, because Plaintiff, and members of the Classes, purchased mislabeled products that

14

were not what Plaintiff and the Classes bargained for and were not safe and effective, as claimed.

55.    Defendant has been unjustly enriched in retaining the revenues derived from the purchases of the Product by Plaintiff and the other members of the Classes. Retention of those monies under these circumstances is unjust and inequitable because Defendant's labeling of the Product was misleading to consumers, which caused injuries to Plaintiff, and members of the Classes, because they would have not purchased the Product had they known the true facts.

56.    Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

## COUNT II
### Breach of Express Warranty
### (On behalf of the Nationwide Class and, alternatively, the Classes)

57.    Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

58.    Plaintiff, and each member of the Classes, formed a contract with Defendant at the time they purchased the Product.

59.   The terms of the contract include the promises and affirmations of fact, that the Product was safe to use, made by Defendant on the Product's packaging and through marketing and advertising.

60.   This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Classes and Defendant.

61.   As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Product is safe to use by people of all ages and genders.

62.   Plaintiff and the members of the Classes performed all conditions precedent to Defendant's liability under this contract when they purchased the Product.

63.   Defendant breached express warranties relating to the Product and their qualities because Defendant's Product possessed the capability to harm the consumers at the time of purchase and the Product does not conform to Defendant's affirmations and promises described above.

64.   Plaintiff and each of the members of the Classes would not have purchased the Product had they known the true nature of the risk of the Product harming those who used the Product.

65.   As a result of Defendant's breach of warranty, Plaintiff and each Class Member suffered and continues to suffer financial damage and injury, and are

16

entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## <u>COUNT III</u>
### Breach of Implied Warranty
### (On behalf of the Nationwide Class and, alternatively, the Classes)

66.    Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

67.    Defendant is engaged in the business of manufacturing, constructing, making, selling, distributing, labeling, advertising, retailing, and/or otherwise placing the Product into the stream of commerce.

68.    The Product is a "good" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Product, as a good, was purchased.

69.    Defendant's warranty expressly applies to the purchaser of the Product, creating privity between Defendant, Plaintiff and Class Members.

70.    However, privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and its sale through retailers. Defendant's retailers were not intended to be the ultimate consumers of the Product and have no rights under the warranty agreements. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

71.    Defendant has been provided sufficient notice of its breaches of implied warranties associated with the Product. Defendant was put on constructive notice of its breach through its review of consumer complaints and other reports.

72.    Had Plaintiff, Class Members, and the consuming public known that the Product could cause harm, they would not have purchased the Product or would have paid less for it.

73.    As a direct and proximate result of the foregoing, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

**<u>COUNT IV</u>**
**Breach of Implied Warranty of Merchantability**
**(On behalf of the Nationwide Class and, alternatively, the Classes)**

74.    Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

75.    Defendant is a merchant engaging in the sale of goods to Plaintiff and the Classes.

76.    There was a sale of goods from Defendant to Plaintiff and the Classes.

77.    As the developer, manufacturer, marketer, distributor, and/or seller of the defective Product, Defendant impliedly warranted to Plaintiff and the Classes that its Product was fit for their intended purpose in that they would be safe for

Plaintiff and the Classes to consume. Contrary to these representations and warranties, the Product is not fit for their ordinary consumption, and did not conform to Defendant's affirmations of fact and promises included with the packaging.

78.    The implied warranty of merchantability included with the sale of each Product means that Defendant guaranteed that the Product would be fit for the ordinary purposes for which power banks are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Defendant, Plaintiff and the Class Members.

79.    Defendant breached the implied warranty of merchantability because the Product is not fit for its ordinary purpose of providing reasonably safe for use Power Banks because the Product has a risk of burning the consumer. Therefore, the Product is not fit for its particular purpose.

80.    Defendant breached the implied warranty in the contract for the sale of the Product by knowingly selling to Plaintiff and the Classes a product that Defendant knew would expose Plaintiff and the Classes to health risks, thus meaning Defendant knew that the Product was not fit for its intended use as a safe to use Power Bank.

81. Defendant was on notice of this breach, as they were made aware of the adverse health effects caused by risk of burning that can result from the use of their Product.

82. Plaintiff and the Classes did not receive the goods as bargained for because the goods they received were not merchantable as they did not conform to the ordinary standards for goods of the same average grade, quality, and value.

83. Plaintiff and members of the Classes are the intended beneficiaries of Defendant's implied warranties.

84. The Products were not altered by Plaintiff or the members of the Classes.

85. Plaintiff and members of the Classes used the Products in the ordinary way such Power Banks were intended to be used.

86. The Products were defective when they left the exclusive control of Defendant.

87. The Products were defectively designed and/or manufactured and unfit for their intended purpose as safe to use Power Banks, and Plaintiff and members of the Classes did not receive the goods that they bargained for.

88. Plaintiff and members of the Classes purchased the Products that contained the Defect, which was undiscoverable by them at the time of purchase and at any time during the class period.

89.     As a result of the defect in the Products, Plaintiff and members of the Classes have suffered damages including, but not limited to, the cost of the defective product, loss of use of the product and other related damage.

90.     Defendant breached the implied warranty of merchantability to the Plaintiff and Class members.

91.     Thus, Defendant's attempt to limit or disclaim the implied warranties in a manner that would exclude coverage of the Defect is unenforceable and void.

92.     Plaintiff and Class members have been damaged by Defendant's breach of the implied warranties.

93.     Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT V
### Fraudulent Concealment
### (On behalf of the Nationwide Class and, alternatively, the Classes)

94.     Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

95.     Defendant aimed to portray the Product as safe for frequent and repeated use and omitted key facts concerning the potential harm from burning due to the overheating of the lithium-ion battery in the Products.

96.    Defendant, acting through its representatives or agents, delivered the Product to its distributors and through other channels to consumers, including the Plaintiff and Class Members.

97.    Defendant, as the owner, manufacturer, marketer, and seller of the Products, had a duty to disclose because of Defendant's exclusive and/or superior knowledge concerning the Products. Defendant owed Plaintiff and Class Members a duty to disclose because the risks associated with the defective products were known and/or accessible exclusively to Defendant, who had superior knowledge of the facts; because the facts would be material to consumers; because the Defendant actively concealed or understated them; because the Defendant intended for consumers to rely on the omissions in question; and because Defendant made partial representations concerning the same subject matter as the omitted facts. Furthermore, because the Product poses an unreasonable risk of substantial bodily injury, Defendant was under a continuous duty to disclose that the Products contained a defect known to cause harm, to whoever uses it.

98.    Defendant willfully and knowingly omitted material information regarding the quality and safety of the Products as discussed herein.    Defendant countenanced these material omissions to boost or maintain sales of the Product, and to create a false assurance that prolonged loyalty to Defendant's brand—the

continued use of the Product—would not place consumers in danger. The omitted information and partial representations were material to consumers because they play a significant role in determining the value of the Product at the time of purchase.

99.    During this time, Plaintiff, and members of the Classes, were using the Products without knowing the Products could harm them due to the defect in the battery.

100.    Defendant failed to discharge its duty to disclose these materials facts.

101.    Although Defendant had a duty to ensure the accuracy of the information regarding the Products because such information was within the exclusive knowledge of Defendant and because the information pertains to serious health issues, Defendant failed to satisfy its duty.

102.    Defendant engaged in fraudulent and deceptive conduct by devising and executing a scheme to deceptively convey that their products were safe. Defendant's actions were done to gain a commercial advantage over competitors, and to drive consumers, like the Plaintiff and Class Members, away from purchasing a competitor's product.

103.    Plaintiff and the Classes reasonably relied on Defendant's failure to disclose insofar as they would not have purchased the defective Products

manufactured and sold by Defendant had they known they possessed this risk of harming them.

104.   As a direct and proximate cause of Defendant's fraudulent concealment, Plaintiff, and the Classes, suffered damages in the amount of monies paid for the defective Products.

105.   Plaintiff and the Class Members have suffered damages in an amount to be determined at trial that, among other things, refunds the amount Plaintiff and the Class Members paid for the Product, awards medical monitoring expenses, costs, interest and attorneys' fees.

## COUNT VI

### Strict Liability- Failure to Warn
### (On behalf of the Nationwide Class and, alternatively, the Classes)

106.   Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

107.   Defendant had a duty to warn Plaintiff and the Class members regarding the Defect, that being the risk of harming consumers due to a fire hazard, within the Product.

108.   Defendant, which is engaged in the business of selling, manufacturing and supplying the Product, placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the Product.

109.   The Product supplied to Plaintiff and Class Members was defective in design and formulation and unreasonably dangerous when they left the hands of Defendant and reached consumers, including Plaintiff and Class Members, without substantial alteration in the condition in which they were sold.

110.   Defendant was in a superior position to know of the Defect, yet as outlined above, chose to do nothing when the defect became known to them.

111.   Defendant failed to provide adequate warnings regarding the risks of the Product after knowledge of the Defect was known only to them.

112.   Defendant had information regarding the true risks but failed to warn Plaintiff and members of the Classes to strengthen their warnings.

113.   Despite their knowledge of the Defect and obligation to unilaterally strengthen the warnings, Defendant instead chose to actively conceal this knowledge from the public.

114.   Plaintiff and members of the Classes would not have purchased, chosen, and/or paid for all or part of the Products if they knew of the Defect and the risks of purchasing the Products.

115.   This Defect proximately caused Plaintiff and Class members' damages.

116.   The Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other

damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT VII
### Strict Liability- Design and Formulation Defect
### (On behalf of the Nationwide Class and, Classes)

117.  Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

118.  The design and formulation of the Product was defective and unreasonably dangerous.

119.  The risk of fire hazard contained within the Product creates unreasonable danger.

120.  The design and formulation of the Product rendered it not reasonably fit, suitable, or safe for their intended purpose.

121.  The risk of fire hazard contained within the Product outweighed the benefits and rendered the Product unreasonably dangerous.

122.  Defendant's Products were defective because the design and formulation of the Products included a defect which could create a risk of fire hazard.  After Defendant knew or should have known of the risk of fire hazard found in the Product, Defendant continued to promote the Product as safe and effective to the Plaintiff, Class Members, and public.

123.  There are other Power Banks that do not pose the risk of fire hazard, meaning that there were other means of production available to Defendant.

124.   The Product is unreasonably unsafe, and the Product should not have been sold in the market.

125.   The Product did not perform as an ordinary consumer would expect.

126.   The Defendant's negligent design/formulation of the Product is the proximate cause of damages to the Plaintiff and the Class members.

127.   Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT VIII
### Negligent Failure to Warn
### (On behalf of the Nationwide Class and, alternatively, the Classes)

128.   Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

129.   Defendant owed Plaintiff and Class members a duty of care and to warn of any risks associated with the Product.

130.   Defendant knew or should have known of the defect but failed to warn Plaintiff and Members of the Classes.

131.   Plaintiff had no way of knowing of the Product's latent defect.

132.   Defendant's failure to warn caused Plaintiff and Class members economic damages and injuries in the form of lost value due to risk of fire hazard.

133.   Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT IX
### Negligent Design & Formulation Defect
### (On behalf of the Nationwide Class and, alternatively, the Classes)

134.   Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

135.   Defendant owed Plaintiff and the Classes a duty to design and formulate the Product in a reasonable manner.

136.   The design and formulation of the Products was defective and unreasonably dangerous, causing exposure to a material with harmful effects. Thus, the Product is now worthless.

137.   The design and formulation of the Product caused them to not be fit, suitable, or safe for their intended purpose. The dangers of the Product outweighed the benefits and rendered the product unreasonably dangerous.

138.   There are other power banks that do not expose the consumers to a risk of fire hazard.

139.   The risk/benefit profile of the Product was unreasonable, and the Product should have had stronger and clearer warnings or should not have been sold in the market.

140.   The Defendant's negligent design/formulation of the Product was the proximate cause of damages to the Plaintiff and the Class members.

141.   Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT X
### Negligence
### (On behalf of the Nationwide Class and, alternatively, the Classes)

142.   Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

143.   Defendant owed a duty to consumers to produce a product that was safe for its intended use.

144.   Defendant breached this duty by producing a product that was dangerous for its intended use. Defendant knew or should have known that defective Power Banks would cause injuries once exposed to humans and thus be worthless as safe-to-use Products.

145.   As a direct result of this breach, Plaintiff suffered injury in that Plaintiff has been deprived of their benefit of the bargain. Plaintiff's injuries were caused in fact by Defendant's breach. But for Defendant's negligent manufacture and improper oversight, Plaintiff would not have been injured.

146.   Further, Plaintiff's injuries were proximately caused by Defendant's breach. It is foreseeable that poorly designed and formulated Power Banks would cause injury, and it is foreseeable that a user would lose their benefit of the bargain if they purchased dangerous Products.

147.   Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## <u>COUNT XI</u>

**VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW (UCL)**

**(Business and Professions Code § 17000)**

**(On behalf of the Nationwide Class and, alternatively, the Classes)**

148.   Plaintiff incorporates paragraphs 1-49 as if fully set forth herein.

149.   The California Unfair Competition Law (UCL) defines unfair competition as "any unlawful, unfair, or fraudulent business practice" and prohibits "deceptive, unfair, misleading or untrue advertising."

150.   Defendant's conduct alleged herein includes deceptive acts and practices and unfair competition in violation of the UCL.

151.   Plaintiff and the Proposed Class seek monetary damages against Defendant, enjoining them from deceptively marketing, promoting, and describing the recalled Power Banks. There is no adequate remedy at law.

152.   Defendant failed to disclose that the Power Banks could overheat and constituted a fire hazard. Defendant induced Plaintiff and the Proposed Class to purchase Defendant's recalled Power Banks because had they known of the Defect, Plaintiff would not have bought the Power Banks. Defendant made the false and/or misleading statements and omissions willfully, wantonly, and with reckless disregard for the truth.

153.   The Power Banks were unsafe and worthless and thus, Plaintiff and the Proposed Class have incurred damages.

154.   Defendant advertised the Power Banks as safe, which induced consumers, including Plaintiff and the Proposed Class Members, to buy Defendant's Power Banks.

155.   Defendant's deceptive and misleading practices are in violation of the California Unfair Competition Law and thus, Plaintiff and the Proposed Class have incurred damages.

156.    Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, punitive, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes, alleged herein, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

a.  For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Classes and Plaintiff's attorney as Class Counsel;

b.  For an order declaring the Defendant's conduct violates the causes of action referenced herein;

c.  For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

d.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief;

g.  For injunctive relief as pleaded or as the Court may deem proper; and

h.  For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

i.  Such other relief as this Court deems just and proper.

32

Dated: February 28, 2025

Respectfully submitted,


/s/ *John C. Bohren*
**YANNI LAW APC**
John C. Bohren (California State
Bar No. 295292)
yanni@bohrenlaw.com
145 South Spring Street, Suite 850
Los Angeles, CA 90012
Telephone: (619) 433-2803
Fax: (800) 867-6779




AND

**POULIN | WILLEY |
ANASTOPOULO, LLC**
Paul J. Doolittle (*Pro Hac Vice*
Forthcoming)
paul.doolittle@poulinwilley.com
Seth C. Little (*Pro Hac Vice*
Forthcoming)
cmad@poulinwilley.com
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536